## Commonwealth v. Brady

*Robert Sacavage,* assistant district attorney, for the Commonwealth.

*Christopher J. Foust,* for defendant. `

RANCK, *J.,* August 2, 1985—Defendant, Anthony E. Brady, was convicted on June 4, 1981 of murder in the second degree. On October 26, 1982 an appeal was filed with the Pennsylvania Superior Court. In an opinion filed January 18, 1985, the Superior Court reversed the judgment of sentence and remanded the case for a new trial. Following this decision, the Commonwealth filed a timely petition for allowance of appeal with the Supreme Court of Pennsylvania. The Supreme Court granted this petition on May 30, 1985.

Before this court for disposition is the defendant's motion for dismissal pursuant to Pa.R.Crim.P. 1100. Defendant alleges that the filing of the petition for allowance of appeal with the Supreme Court did not act as a stay to the running of the 120-day period provided in Rule 1100. A reading of Pa.R.Crim.P. 1100 and of Pa. R.A.P. 2572 shows the position taken by defendant to be incorrect.

Rule 1100(e)(2) states:

"(2) When an appellate court has granted a new trial, or has affirmed an order of a trial court grant-

ing a new trial, the new trial shall commence within 120 days after the appellate court remands the record to the trial court. The date of remand shall be the date as it appears in the appellate court docket."

The Superior court granted defendant a new trial in an opinion filed on January 18, 1985. The 120-day period would, therefore, begin to run on the date the record is remanded from the appellate court. The issue in this case then becomes when, if at all, the record was remanded to this court.

The time for remand of the record is governed by Pa. Rule of Appellate Procedure 2572. It states in part:

"(a) General Rule. Unless otherwise ordered:

(1) The record shall be remanded to the court or other tribunal from which it was certified at the expiration of 30 days after the entry of the judgment or other final order of the appellate court possessed of the record.

(2) The pendency of an application for reargument, or of any other application affecting the order, or the pendency of a petition for allowance of appeal from the order, shall stay the remand of the record until the disposition thereof, and until after 30 days after the entry of a final order in the appellate court possessed of the record."

A literal reading of the above-cited shows that the 120-day period has not yet begun to run in this case. The record would not have been remanded to this court until 30 days after January 18, 1985, the date of the opinion granting new trial. During that time the Commonwealth filed a timely petition seeking an appeal in the Supreme Court. Under Pa. R.A.P. 2572(a)(2), the filing of this petition acted as a stay of the remand of the record. The record would not be remanded until 30 days following the entry of a

final order by the Supreme Court. The 120-day period would not begin to run until that remand.

It is clear upon reading Pa.R.Crim.P. 1100 and Pa. R.A.P. 2572 that defendant's rights to a speedy trial have not been violated. If this court were to agree with defendant and rule that the 120-day period began to run on January 18, 1985, conflicting results could ensue. This case would be in a total state of confusion if, after a dismissal based on Rule 1100, the Supreme Court were to reverse the Superior Court and reinstate the sentence. Even were the rules not clear on the issue involved in this case, public policy would dictate that we reach the decision we have entered today.

Rule 1100 is clear. The 120-day period after the granting of a new trial does not begin until the record is remanded to this court. By filing a petition for allowance, the remand of the record was stayed until a final disposition by the Supreme Court. The 120-day period has not yet begun to run, and Rule 1100 has not been violated.

Accordingly, we enter the following

## ORDER

And now, August 2, 1985, after hearing and careful consideration, it is ordered and directed that defendant's motion to dismiss based on Pa.R.Crim.P. 1100 is denied.